Jeffrey G. Winter
HARTELIUS, DUROCHER & WINTER, P.C.
118 6th St. South
P.O. Box 1629
Great Falls, Montana 59403
406-727-4020
jwinter@mtlawyers.net
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| MICHAEL HENRY and JANICE HENRY Husband and Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Cause No. _____<br><br>**COMPLAINT** |
|---|---|

COME NOW the Plaintiffs, MICHAEL HENRY and JANICE HENRY, and for their Complaint against the above-named Defendant, hereby allege as follows:

1. This action is brought pursuant to and is founded upon 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, et. seq.

2. At all times pertinent herein Plaintiffs were residents of Augusta, Lewis and Clark County, Montana.

3. At all times pertinent herein United States of America employee Joshua Anthony Combs was an enlisted member of the United States Air Force, Department of Defense, the United States of America, who was acting within the course and scope of his capacity as an employee and enlisted member of the United States Air Force.

4. On or about March 5, 2014, Plaintiffs filed claims with the United States Department of the Air Force for personal injuries. Over six months have passed, and the United States Department of the Air Force has not made final disposition of

Complaint                                                                                                    Page 1

Plaintiffs' claims. Pursuant to 28 U.S.C. § 2675(a), the failure of the United States Department of the Air Force to make final disposition of Plaintiffs' claims within six months after said claims were filed are deemed a final denial of Plaintiffs' claims.

5. On or about October 28, 2013, Plaintiff Michael Henry was the driver and Plaintiff Janice Henry was a passenger of a vehicle proceeding in a westbound direction on Montana Highway 200 in Cascade County, Montana. At the same time, Joshua Anthony Combs was driving an Air Force HUMV vehicle in an eastbound direction on Montana Highway 200. The HUMV driven by Joshua Anthony Combs was following another HUMV in convoy but was following too closely for road conditions, which were ice covered and slippery. Mr. Combs hit his brakes to slow down, causing the HUMV he was driving to slide on the ice into the opposite lane of travel and collide with Plaintiffs' vehicle.

6. Defendant United States of America, acting by and through its agent, Joshua Anthony Combs, who was acting within the course and scope of his employment, was negligent in the following particulars, which negligence caused injury to Plaintiffs:

    a. Negligently failed to maintain a proper look-out for traffic ahead;

    b. Negligently failed to have the motor vehicle he was operating under control;

    c. Negligently failed to operate a motor vehicle at a safe speed and reasonable distance behind other vehicles so he could safely stop for other vehicles or hazards in the roadway;

    d. Negligently failed to drive at a speed greater than was reasonable and proper under the conditions existing at the point of operation;

    e. Negligently and unreasonably endangered the life, limb, property and other rights of persons entitled to the use of the highway; and

    f. Negligently struck the motor vehicle driven by Plaintiff Michael

Henry.

7. Defendant's conduct as outlined above constitutes negligence per se.

8. As a direct, legal and proximate result of Defendant's negligence, Plaintiffs have sustained special and general damages, including but not limited to, physical and emotional injuries, medical expenses, loss of earnings, lost earning capacity, pain, suffering, loss of established course of life, and other consequential damages.

9. Plaintiffs were not a cause of the collision or their injuries or damages.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For all of their special and general damages caused by Defendant's negligence, including but not limited to, physical and emotional injuries, medical expenses, loss of earnings, lost earning capacity, pain, suffering, loss of established course of life, and other consequential damage.;

2. For costs and fees as allowed by law; and,

3. For all other relief the Court deems just and proper under the circumstances.

DATED this 14 day of January, 2015.

HARTELIUS, DUROCHER & WINTER, P.C.

By _____
JEFFREY G. WINTER

Complaint                                                                 Page 3